The first case on the calendar is United States of America v. Escalante and now you look calmer now that I've called the right case. You look a little shaken up there. 15-50279. Sorry about that. We're ready to hear your argument whenever you are. Good morning and may it please the court. Gabriel Pardo on behalf of Appellant Ericka Arellano Escalante. I can't hear. Counsel, you're gonna need to speak up so that Judge Berzon can hear you. Is that better? That's better. Thank you. It almost sounds like the microphone's turned off. It's on? Okay. Try again but do keep your voice up because you're not even very, I think I'm having a little trouble hearing you right here. If the court could let me know I'll certainly try to adjust. Good morning and may it please the court. Gabriel Pardo on behalf of Appellant Ericka Arellano Escalante. I would like to reserve two minutes of my time for purposes of rebuttal. The District Court erred in holding that Ms. Arellano Escalante's 2008 conviction constituted an aggravated felony under the modified categorical approach. Because Ms. Arellano Escalante's 2008 conviction cannot be considered an aggravated felony, her due process rights were violated during her removal proceedings when the immigration judge failed to advise her of relief for which there was an inference she was eligible, including pre-conclusion voluntary departure. Court should remand this case to determine whether Ms. Arellano Escalante was prejudiced by this due process violation. Counsel, before you go farther, the prior conviction that you're talking about is for controlled substances, right? Yes, a 2008 conviction for controlled substances. Okay, does she have other prior convictions that qualify as aggravated felonies? She does have other prior convictions. Whether they qualify as aggravated felonies is something that was not briefed either before the District Court in the motion hearing or on appeal. This was not briefed. But it was alleged in the District Court with regard to the reentry crime, right? In other words, two different aggravated felonies were alleged other than the controlled substances. Correct, Your Honor. In the indictment, there were two aggravated felonies alleged. But whether those were actually... And at least one of them appears to be a categorical aggravated felony. Is the court referring to the the domestic violence? Yes. So I'm just wondering exactly what the point is of the remand. Well, Your Honor, I think that this issue could be fully explored on remand. I think this wasn't briefed before the District Court in the motions hearing. Those conviction documents weren't put into the motion opposition by the government. There was no opportunity for us to pursue our own records. Does it matter at all that even if this was an aggravated felony, nobody in the immigration proceeding seemed to know about it? It wasn't mentioned. If the court is referring to the other alleged aggravated felony, my understanding of this court's law is that had the government presented the records in the District Court at the motions hearing, the District Court could have considered them for the point of whether she was eligible for relief. So I think the answer to that would be... Is there a case saying that in an instance where the immigration court didn't seem to know about it? I believe there is, Your Honor. I believe it is Bustos Ochoa that discussed that point. But the difference with Bustos Ochoa that I would point out is that in that case the government presented the conviction documents in the in the District Court at the motions hearing, and that was not the case here. So I think it's... I view it as an issue of waiver, Your Honor. I think the district... I think the government waived any contention. But it was agreed... Didn't she admit in the plea that it was an aggravated felony? Because she had to in order to get the the conviction that she did get. In other words, we have a limited appeal here, but there was a plea with a conviction except for the question of what happened to... what It was a conditional plea preserving the arguments made on the motion. But admitting that this was an aggravated... that the domestic violence conviction was an aggravated felony. I don't... I don't necessarily think that's the case, Your Honor. I think she could have been convicted had she been convicted... had there been another aggravated felony, any aggravated felony. So if we determine, counsel, that the record shows that it is another aggravated felony, setting aside the Health and Safety Code section 11378, what's the purpose of remand again? If there is an aggravated felony, I do think that there would be limited utility to remand. I would... I would agree with that. But again, I would point that... point out that these arguments weren't raised by the government in the district court. And I think at least, for example, with respect to the domestic violence conviction, it's an aggravated felony. It's a crime of violence, at least under some of this court's precedents. Well, it requires the use of force. And when you say at least under some of... I mean, if you... if you know something, I don't know I'd like to hear it. But I think that's a done deal. Is there some reason to question whether it's an aggravated felony? Well, Your Honor... Under our precedent? Frankly, I'm not certain because I didn't fully research and brief the issue because, again, it wasn't raised. I do know that there has to be a sentence of at least a year for it to be a crime of violence aggravated felony. And I would certainly, on remand, one of the things we would look at is whether that was actually the case, whether the records support it, and whether there was any... anything that might call that into doubt. And that's beyond just the sort of categorical nature of whether that's an aggravated felony. Now, you have not raised the question whether this is a divisible statute. Is that right? That's correct, Your Honor. And that's... Even though... even though there seems to be a substantial question of that as under the Mathis case, at a card pending on bank. Yes, Your Honor. Because the issue here is whether she was eligible, she had plausible paths to relief based on not being properly advised, this Court has held that the law that applies is the law at the time of the immigration judge's removal proceedings, which was in 2012, which predates many of those developments. So my reading of this Court's law was that arguments based on divisibility in Mathis would not be proper in this procedural context. So you are proceeding under Coronado. Is that right? And you haven't... I was expecting or wondering if we're going to get a 28-J letter on Mathis or Rendon. It sounds like you're not going that route. Is that right? I think if this Court's precedents allowed for subsequent developments in the law to be considered as to whether the immigration judge properly advised a detainee, I would certainly make those arguments. But my reading of the Court's law at this point is that that argument's foreclosed and we need to rely on the law at the time of the removal proceedings. I'd like to move on to addressing the issue with the 2008 conviction that was raised in the briefs. It's not disputed that this 2008 conviction is not categorically an aggravated felony. The dispute in the appeal is whether, using the modified categorical approach, the government has met its burden of proving by clear and convincing evidence that there is a link between the charging document, which does specify a federally regulated controlled substance, and the subsequent memorialization that Miss Ariana Escalante pleaded guilty to that specific count. And I think this Court's held that it's the government's burden to show that link by clear and convincing evidence. And the Court's also held that where there's ambiguity and doubt, this Court relies on Vidal, which said that there should be something more, a statement that this plea was as charged in the information or the complaint. Where is the ambiguity or doubt? I think there's two things that create ambiguity and doubt on this record. First, it is, and both in some ways, derived from the plea agreement form that's in the record. First is that this plea agreement, this plea was entered pursuant to California Penal Code Section 859A. And that's a code section that allows for arraignment stage pleas, and it has specific procedure requirements. If the plea is to the offense charged, there's no need for leave of court or approval of the prosecutor. If it's not to the offense charged, the court and the prosecutor must approve. That's what happened in this case. The prosecutor signed off on the plea form, and there's a notation in the minutes that this plea was entered by leave of court. So the only logical conclusion, in my view, is that because leave was granted and because the DA approved this, there must have been some change. It couldn't have been a plea to the offense charged. There must have been something different. And I think when we try to figure out what was that plea to, we look at the plea agreement, which describes the offense or names it as possession of a controlled substance generally without specifying methamphetamine. And I would submit that that is the most likely amendment that was made in this case or change that was made in this case. Did you want to reserve some time? Yes, Your Honor. Thank you. Good morning, Your Honors. May it please the court. Ashley All for the United States. Starting where the court started, Bustos Ochoa would foreclose relief in this case because a defendant is not plausibly eligible for a form of relief that is illegal to provide to him. I can provide the court with more citations for that point, if the court would wish. Judge Nguyen is- I know there are a lot of citations about the plausibly eligible, but does it make any difference that one would have to suppose that these- the domestic violence conviction never came up in the immigration court. Is that right? Your Honor, I actually don't know the answer to that question. It was not charged. I do not recall whether it was discussed during the hearing. I think it was not, but without the transcript in front of me, I'm not sure. Does that make any difference? In other words, in order- is there a case law specifically saying that if there is an aggravated felony that we now know about, but that we don't have any reason to think the immigration court knew what it could have known about, that that precludes plausible relief? Yes, Your Honor. It does not matter whether something was before the immigration judge at the time. Again, I don't have the list of cases at the tip of my tongue right now. In December, I argued a case before Judge Nguyen called Martinez that is on that exact topic, and I can provide the court with other citations, aside from Bustos Ochoa, after argument. The opposing counsel argues that it's not clear, necessarily, that she served over a year. Your Honor, I believe it was alleged in the indictment itself that the sentence imposed was over one year. And in the plea agreements, factual basis. And in the plea agreements, factual basis, it was also determined that sentencing to be an aggravated felony. So this was discussed before the court at numerous phases. Turning to the merits of defendant's actual challenge here, I think in the end, defendant's contention boils down to sort of a nihilistic view of California law, that any plea under 859 can't be trusted, that in light of People v. West, other pleas can't be trusted, that in the case where there is a document indicating a plea to the name of the defendant, specifically the count, that that can't be trusted. And none of those propositions are supported by this Court's law. Defendant mischaracterizes 859A. As defense counsel said today, 859A just controls pre-preliminary hearing, pardon me, pleas before a magistrate, judge, and state court. If you look at the 859A form in this record, in fact, there are several checkboxes that are specific only to 859 pleas. This is at ER 47, boxes 4A, 4B, and 5G. And they all just relate to waivers of the right to have a plea taken by a superior court judge. They have nothing to do with pleading to a lesser offense. And that 859A theoretically would allow a plea to a lesser offense, that's exactly the same as what People v. West allows. That's no different from any plea in California state court. But this isn't a lesser offense. Nobody's saying it's a lesser offense. That's exactly right. There's no, that's not even what's going on here. Defendant didn't plead to a lesser offense. Defendant pleaded to exactly what was charged. And I would actually emphasize Vidal here, because in prior cases this Court has analyzed, looking for exactly that kind of issue, there was evidence that there was a West plea. In Vidal, the factual basis indicated People v. West. Here there's nothing like that. And so it doesn't stand on the same ground as cases like Vidal and Medina-Laura, where there was a fact on which some doubt could gain traction. And in the absence of any evidence of a modification, just the legal possibility of a modification, this Court has repeatedly rejected defendant's arguments the documents were insufficient. In Leal-Vega, Kabantak, and De La Torre-Gimenez, just as examples. I emphasize Kabantak because Kabantak actually specifically dealt with the allegation that a West plea, the potential for a West plea, created doubt. And in the final paragraphs of that opinion, the Court concluded that in the absence of some evidence that there was a West plea, that that was not enough to create doubt. And similarly, in the reply brief, defendant has cited these amicus briefs from state court decisions, indicating what state practitioners may do. And that's outside the record, but what they may do in some case doesn't indicate what happened here. And in fact, what happened here is exactly what this Court has repeatedly found sufficient, which is the defendant pleaded to a count that alleged a particular controlled substance, and there's nothing ambiguous in the record. And finally, that defendant's plea form simply recited the generic title of the statute, 11378. That also makes no difference. This Court has analyzed similar records in both Leal-Vega and De La Torre-Gimenez. In Leal-Vega, the abstract noted that count one was, quote, selling control. That's at page 1168 of Leal-Vega. And in De La Torre-Gimenez, the records indicated the defendant pleaded to, quote, pass narcotic controlled subs for sale. This is identical. This is the name of the statute. That's why it gets listed that way. And that's what happened here. Well, yes, but if you didn't have the articulation in the charging document of the methamphetamine, then it wouldn't be sufficient to demonstrate. I absolutely agree. But where there is, yes, where there is the specification in the complaint, as there is here, this Court's cases have repeatedly found that this is enough. And finally, just to rebut what I see as the overall philosophy of defendant's appeal, this Court has not adopted a nihilistic view of California law. In Snellenberger, the Court emphasized, sort of assumed the reliability of electronic dockets. And that's what we have here. In fact, we have an extremely comprehensive electronic docket that shows the entire history of this case and shows no evidence of any modification. And so this Court, this case is totally unlike Vidal and Medina Lara. There was evidence there of some modification, and that's exactly what's missing here. If the Court has no further questions, then I'll submit. Thank you. Thank you, counsel. Just briefly, Your Honors. With respect to the point about what was concluded at sentencing, the issue there was not whether it was an aggravated felony. It was simply whether it was a crime of violence under the guidelines that would lead to the 16-level enhancement. And I think that's all the district court decided at that point. There was also a point raised about whether this is a lesser-included offense or not. I don't think the argument is that there was a change from possession of methamphetamine to possession of a was a lesser-included offense. I do think it's a reasonably related offense under West. I think pleas to reasonably related offenses are allowed, and I think that would explain why leave of court and approval of the district attorney was necessary, because it was a change to the offense charged. There are no further questions I would submit. Thank you. The next case on the calendar is United States of America v. Nunez-Duenes, 15-50508.
judges: Berzon, Christen, Nguyen